IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO ALVARADO, | § | |
|     Plaintiff, | § | |
| v. | § | NO.  EP-13-CV-010-RFC |
| | § | (by consent) |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 416(i) and 423.  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.  For the reasons set forth below, this Court orders that the Commissioner's decision be affirmed.

**PROCEDURAL HISTORY**

On June 30, 2010, Plaintiff filed an application for benefits, alleging a disability onset date of March 31, 2010.  (R:125-27)[2]  His applications were denied initially and on reconsideration.

---

[1]  Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the transcript of the record of administrative proceedings filed in this case, (Doc. 16), is designated by "(R:[page number(s)])".

(R:89-96) Plaintiff filed a request for a hearing, which was conducted on October 3, 2011, at which Plaintiff and a vocational expert testified. (R:68-82) The Administrative Law Judge ("ALJ") issued a decision on December 14, 2011, denying benefits. (R:19-27) The Appeals Council ("AC") denied review on December 4, 2012. (R:1-5) Plaintiff filed her complaint on January 10, 2013. (Doc. 1, 5) The parties have filed their briefs. (Docs. 21, 22)

## ISSUES

Plaintiff presents the following issue for review: Whether the ALJ erred in mechanically applying the "closely approaching advanced age" category, requiring remand. (Doc. 21:2)

## DISCUSSION

### I. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the

evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments including headaches, degenerative changes of the cervical and lumbar spine, hypertension, obesity, and diabetes, none of which alone or in combination met or equaled a listed impairment. (R:21) The ALJ found that Plaintiff had the RFC to perform the full range of light work and that he was unable to perform any of his past relevant work. (R:22-25) The ALJ determined that Plaintiff was an individual closely approaching advanced age on the alleged disability onset date, that he had limited education and is able to communicate in English, and that transferability of job skills was immaterial to the disability determination. (R:26) Considering Plaintiff's age, education, work experience, and RFC for the full range of light work, the ALJ found that the Medical Vocational Guidelines (Grids) rule 202.11 directed a finding of "not disabled." (*Id*.)

**III.    The ALJ did not err in applying the "person closely approaching advanced age" age category in determining that Plaintiff was not disabled**

Plaintiff argues that the ALJ erroneously applied the age categories mechanically in a borderline situation. (Doc. 21:3-5)   The regulations state that the age categories are not to be applied mechanically in a borderline situation: "if [a claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant] is disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case."  20 C.F.R. §§ 404.1563(b) and 416.963(b).  Plaintiff argues that his age on the date of the Appeals Council's decision is relevant because it is then that the Commissioner's decision becomes final. (Doc. 21:3) At that time, Plaintiff was 54 years and 11 months, or less than a month from being in the advanced age category.   (R:1, 125); 20 C.F.R. 404.1563(d)-(e) and 416.963(d)-(e) ("person closely approaching advanced age," age 50-54, "person of advanced age," age 55 or older).  Plaintiff contends that had the ALJ considered Plaintiff to be in the advanced age category, the grids would have directed a finding of disabled.  *See* 20 C.F.R. Pt 404, Subpt. P, App. 2, Rule 202.02.  Plaintiff asks this Court to reverse and remand for benefits for for additional administrative proceedings. (Doc. 21:5)

The Court notes that the ALJ found the issue of transferability of skills to be immaterial to the disability determination because the grid rules applicable to one closely approaching advanced age directed a finding of not-disabled regardless of whether Plaintiff had transferable skills. (*See* R: 26)  This would not have been the case had the ALJ referred to the grid rules applicable to those of advanced age.  Grid rule 202.02 directs a finding of disabled where the skills are not transferable,

4

but Grid rule 202.03 directs a finding of not disabled where the skills are transferable. *See* 20 C.F.R. Pt 404, Subpt. P, App. 2, Rules 202.02 and 202.03. Thus, this Court would be unable to remand for an award of benefits, even were the remainder of Plaintiff's argument sound.

Plaintiff's argument regarding the significance of his age on the date of the Appeals Council's decision, however, is misguided. The regulations state that the Commissioner "will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. §404.1563(b). Where new evidence is submitted to the Appeals Council, the Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). The Appeals Council "will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id*. Thus, the period to be determined began with the date of alleged disability (March 31, 2010) and ended with the date of the ALJ's decision (December 14, 2011). (Doc. 22:5; R:21, 27) Plaintiff was 52 years old on his alleged disability onset date and 53 years old on the date of the ALJ's decision. He was in the "closely approaching advanced age " category at all times during the adjudicated period that is subject to judicial review. Plaintiff was not within days or months of reaching the advanced age category; he was over a year from reaching advanced age. The ALJ did not err in failing to treat the case as a borderline situation.

Plaintiff has not challenged any of the ALJ's other findings.

Plaintiff has failed to demonstrate that the ALJ either committed legal error or that the ALJ's findings are unsupported by substantial evidence.

## **CONCLUSION**

Based on the reasons set forth above, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on February 26, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE